# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00288-CR

---

**Ronald Andrew Kempel, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2018-407, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

The State charged appellant Ronald Andrew Kempel with the offenses of aggravated robbery, retaliation, tampering with physical evidence, and possession of a controlled substance. *See* Tex. Health & Safety Code § 481.115(b); Tex. Penal Code §§ 29.03, 36.06, 37.09. Kempel pleaded guilty to the tampering and possession charges and not guilty to the aggravated robbery and retaliation charges.

At Kempel's trial, the jury heard evidence that on the afternoon of July 5, 2017, Margaret Weston drove to a house that she was renting in New Braunfels. Upon arrival, she observed an unknown man sitting in her son's car, which was parked nearby. Weston asked the man, "What are you doing?" The man, who was later identified as Kempel, exited the vehicle holding a "leather-sheathed knife" that Weston recognized as belonging to her son. Weston testified that Kempel "then started pacing up and down in front of [her,] sheathing and

unsheathing the knife. And he said, 'Is this your car?'" Weston replied, "I know it's not your car." A fence on the property separated Weston from Kempel, and Weston took photos of Kempel holding the knife. Copies of the photos were admitted into evidence.

Weston further testified that Kempel "was very threatening, opening and closing the knife," and he asked her again, "Is this your car?" Weston did not answer him and called 911. A copy of the 911 call was admitted into evidence. As Weston spoke with the 911 operator, her dogs came out of the house and started barking, which prompted Kempel to act "aggressive toward the dogs." During the 911 call, Kempel attempted to talk to Weston but she did not respond. Weston testified that this angered Kempel. She explained, "He's not happy that I'm not responding to him. And when I'm not responding to him instead he says, 'That's okay. Now I know where you live.'" Kempel then walked away from Weston and went to his own vehicle, where he remained until the police arrived shortly thereafter.

The police arrested Kempel and found methamphetamine on his person. The police also found more drugs and drug paraphernalia inside Kempel's vehicle, as well as the knife that belonged to Weston's son.

Kempel testified in his defense. He admitted to possessing methamphetamine, entering the car that belonged to Weston's son, stealing the knife he found inside, and attempting to hide the knife in his car before the police arrived, but he denied pulling the knife out of its sheath, acting aggressively during the encounter, or threatening Weston in any way.

The jury found Kempel guilty of aggravated robbery, tampering with physical evidence, and possession of a controlled substance. The jury found Kempel not guilty of retaliation.

During the hearing on punishment, which was before the court, Kempel pleaded true to two enhancement paragraphs alleging prior convictions for the felony offenses of burglary of a habitation with intent to commit assault and aggravated assault causing serious bodily injury. The enhancements elevated Kempel's punishment range to that of a habitual offender. *See* Tex. Penal Code §§ 12.42(d), .425(b). Other evidence admitted at the hearing showed that Kempel had prior convictions for the misdemeanor offenses of assault, violation of a protective order, and possession of a prohibited weapon, and for the state-jail-felony offenses of possession of a controlled substance and unauthorized use of a motor vehicle. The district court also heard evidence tending to show that Kempel belonged to a prison-based gang known as "Tango Blast Orejon," although there was no evidence presented that he had engaged in any gang-related activities. At the conclusion of the punishment hearing, the district court sentenced Kempel to 40 years' imprisonment for aggravated robbery, 40 years' imprisonment for tampering, and 20 years' imprisonment for possession of a controlled substance, with the sentences to run concurrently. This appeal followed.

Kempel's court-appointed counsel on appeal has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744–45 (1967); *see also Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). Counsel has certified to this Court that he has provided Kempel with a copy of the motion and brief, advised him of his right to examine the appellate record and file a pro se response, and supplied him with a form motion for pro se access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). No pro se brief has been filed.

We have reviewed the record and counsel's brief. We agree with counsel that the appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining that in *Anders* opinions, court of appeals should not address merits of issues raised in briefing but should only determine if appeal is frivolous). We find nothing in the record that might arguably support the appeal. We grant counsel's motion to withdraw and affirm the judgments of conviction.

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Triana and Smith

Affirmed

Filed: December 19, 2019

Do Not Publish